UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TAISHA WILLIAMS-GARDNER,** | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| **DIVERSIFIED CONSULTANTS, INC.,** | (Unlawful Debt Collection Practices) |
| Defendant. | |

## COMPLAINT

TAISHA WILLIAMS-GARDNER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Redford, Michigan 48239.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Debt collection is the principal purpose of Defendant's business.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this phone as a cellular telephone.

16. Beginning in or about spring 2017 and continuing through late July 2017, Defendant called Plaintiff seeking and demanding payment of an alleged debt that was incurred primarily for personal, family, or household purposes.

17. Defendant's calls derived from phone numbers that included, but are not necessarily limited to the following phone numbers: (313) 879-2653, (313) 879-2970 and (313) 221-5314. The undersigned has confirmed that these numbers belong to the Defendant.

18. Upon initial communication with Defendant and on several occasions thereafter, Plaintiff told Defendant to stop calling her and to remove her phone number from their calling list.

19. Defendant heard and acknowledged Plaintiff's requests to stop calling.

20. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

21. However, Defendant persisted in calling Plaintiff through July 2017.

22. These additional calls were especially harassing and disruptive to Plaintiff since Defendant would often wake Plaintiff up early in the morning while attempting to rest and would call her back immediately after being hung up on.

23. During this time Defendant used an automated telephone dialing system and/or a prerecorded voice to contact Plaintiff.

24. Plaintiff knew that Defendant was using an automated telephone dialing system and/or a prerecorded voice as Plaintiff received automated calls from Defendant that included a recording before the call would be transferred to a live caller.

25. Defendant's calls were not for emergency purposes.

26. After Plaintiff's demands to stop calling were ignored by Defendant, Plaintiff decided to download a blocking application as a means to stop their incessant collection calls.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly knowing that its calls were unwanted within the one year period preceding the filing of this Complaint.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

32. Defendant's calls to Plaintiff were not made for "emergency purposes."

33. Defendant's calls to Plaintiff on and after Plaintiff's revocation of consent in the spring of 2017 were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, TAISHA WILLIAMS-GARDNER, respectfully prays for judgment as follows:

    a.  All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

    d.  Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

    e.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    f.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAISHA WILLIAMS-GARDNER, demands a jury trial in this case.

Respectfully submitted,

Dated: July 20, 2018      By:      */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com